## WILLARD vs. MERRITT.

Whatever may be the rule in regard to the duty of a purchaser of goods to examine for himself, where no questions are asked by him and nothing said or done by the vendor to mislead or deceive, it is clear that the purchaser has the right to trust to the declarations of the vendor as to the condition of the thing purchased, and may omit to make any examination, without losing his right to maintain an action for fraud, in case fraud is practised by the vendor.

Where, in an action for fraud in the sale of wool, the fraud consisting mainly in the delivery of several ounces of unwashed tags, and dirty wool, concealed in the inside of each fleece, as good marketable wool, there was evidence on the part of the plaintiff to show that when the defendant delivered the wool he declared expressly that it was in good condition, and that it appeared to be so, on the outside; *Held* that the jury had the right to find, from the evidence, that the defendant deceived and misled the plaintiff in respect to the quality and condition of the wool inside.

Although it may be that an action will not lie for a breach of an executory contract for the sale of goods, where they do not come up to the requirements of the contract, after the property has been accepted in fulfillment of it, yet the acceptance of the goods, in such a case, can never operate as a waiver, or discharge, of a fraud practised by the vendor, upon delivery, to induce such acceptance.

THE defendant, who is a farmer residing at Barrington, Yates county, made a contract on the 26th day of June, 1860, at his residence, with the plaintiff's agent to sell the wool of his flock, (not at that time sheared,) to the plaintiff, at 47½ cents per pound, payable on delivery of the wool to the plaintiff's agent at Hammondsport. . He represented the wool to be well washed, and agreed to put it up in as good condition as it was the year before, when the same agent bought the wool and found it clean and free from tags. The wool, one hundred and fifty fleeces, was delivered and paid for on the 7th July following, apparently in good order—the defendant stating that he thought it to be in as good condition as the year before. Afterwards, on opening the fleeces the wool was found to be in a very filthy condition, containing much dirt and gravel, and about one half pound of tags was found secreted in each fleece. An unusual quantity of twine was also found tied around the fleeces. The wool was proved to be no better than "unwashed wool," and worth one third less

than wool in good order. The wool was folded in such a manner as to present the appearance of washed wool, and the fraud was first suspected by the plaintiff's agent, who, on comparing his books in the evening after the delivery, observed that the average weight of the fleeces was greater than in the previous year, and, therefore, made an examination of the wool. The plaintiff brought his action for fraud, in the delivery of the wool, and on the trial had a verdict for $135.95.

Several exceptions were taken on the trial, which were ordered to be heard at a general term, in the first instance.

*G. H. McMaster,* for the plaintiff.

*Geo. B. Bradley,* for the defendant.

*By the Court,* JOHNSON, J. The action was for a fraud in the sale of a quantity of wool. The alleged fraud consisted mainly in the delivery of several ounces of unwashed tags and dirty wool, concealed in the inside of each fleece, as good marketable wool, under a contract for the sale of such wool previously made. The question of fraud was fully and fairly submitted to the jury, and no exceptions were taken to the charge. At the close of the plaintiff's evidence, the defendant's counsel moved for a nonsuit upon several grounds, only two of which are now insisted upon. These are : 1. That inasmuch as the plaintiff's agent, at the time the wool was delivered, had an opportunity to examine the same, and the defendant neither did nor said any thing to mislead, the action can not be maintained ; and 2. That the delivery of the wool being upon an executory contract of sale, the plaintiff's only remedy was to return the property so delivered or give notice that it would not be accepted upon the contract, within a reasonable time after the delivery, in case it did not come up to the requirements of the contract ; and that an action for fraud in such a case will not lie. In respect to

the first proposition, it is enough to say, that there is evidence on the part of the plaintiff to show, that when the defendant delivered the wool, he declared expressly that it was in good condition, and that it appeared to be so on the outside, as the fleeces were done up.. The jury, therefore, had the right to find, from the evidence, that the defendant deceived and misled the plaintiff's agent in respect to the quality and condition of the wool inside. Whatever may be the rule in regard to the duty of the purchaser to examine for himself, where no questions are asked by him and nothing said or done by the seller to mislead or deceive, it is clear enough that the purchaser has the right to trust to the declaration of the seller as to the condition of the thing purchased, and omit to make any examination, without losing his right to maintain an action for fraud in case fraud is practiced by the seller. In respect to the second proposition, it is only necessary to say that it is not the law. It may be that an action will not lie for a breach of the contract in such a case, after the property has been accepted in fulfillment of it, as was held in *Reed* v. *Randall*, (29 *N. Y. Rep.* 358.) But it is quite obvious that the acceptance of the goods, in such a case, can never operate as a waiver, or discharge, of a fraud practiced by the seller upon delivery, to induce such acceptance.

In view of the charge made by the court, it is very clear, I think, that none of the exceptions taken to the refusal to charge as requested are well taken. The court charged that it was a question of good faith, and that if the defendant had acted in good faith in putting up and delivering the wool, and only put in such as he had reason to believe and did honestly believe was in accordance with the contract, he was not liable in the action. The court also charged, that if the defendant had acted in bad faith in putting in this unmarketable wool, and concealed it in such a manner as not to awaken any suspicion, for the purpose of deceiving and defrauding, and did thus deceive and defraud, he would be

liable in the action.    As before remarked, the charge is not excepted to.    I do not discover any evidence in the case on which the first request could be based.    It is not pretended that the plaintiff's agent was told, or had any intimation as to the condition of the packages, inside.    Nor is there any evidence tending to show that the appearance outside indicated in any way what was enfolded within.    There is nothing to show that the extra twine entered into the verdict, and if it did, it was so inconsiderable in amount that an error in that regard would not justify the granting of a new trial. Nor did the knowledge of the plaintiff's agent that the sheep had been upon the ploughed ground, as testified to, call for any particular examination of the wool inside, if it appeared all right upon the outside, and more especially if the defendant declared it to be in good condition.

The evidence objected to by the defendant's counsel, and received, upon the subject of the custom of putting up wool, in that section of the country, was proper on several grounds. First, in answer to similar evidence given by the defendant. And second, it was clearly admissible on the question of a fraudulent intent in putting the tags inside of the fleece, in that manner.

On the whole, the case seems to have been fairly tried and submitted, and I am of the opinion that a new trial should be denied and judgment ordered for the plaintiff on the verdict.

[MONROE GENERAL TERM, March 5, 1866.    *Welles, E. Darwin Smith* and *Johnson,* Justices.]